# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
CIVIL ACTION NO.:  3:23-cv-00171

NORA WALKER, )
)
PLAINTIFF, )
)
v. )
)
)
THE LINCOLN NATIONAL LIFE )
INSURANCE COMPANY, )
)
DEFENDANTS. )

## **COMPLAINT**

The Plaintiff, NORA WALKER, sues the Defendant, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a Lincoln Financial Group Company, (hereinafter "LINCOLN") f/k/a Liberty Life Assurance Company of Boston (hereinafter referred to as "LIBERTY") and states:

1.      This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2.      This Court has jurisdiction pursuant to 29 U.S.C. § 1131(e) and (f).

3.      At all times material hereto, Plaintiff was a resident of Union County, Monroe, North Carolina.

4.      Plaintiff was an employee of Quicken Loans, Inc/Rock Central.

5.      At all times material hereto, Plaintiff is and/or was a participant in a Group Policy issued by LIBERTY to Quicken Loans, Inc./Rock Central that provided for Long Term Disability benefits (hereinafter "LTD Plan").

1

6. Upon information and belief, Lincoln Financial Group is the marketing name for Lincoln National Corporation and insurance company affiliates, which include Defendant LINCOLN.

7. Upon information and belief, LIBERTY was acquired by LINCOLN effective May 1, 2018.

8. At all times material hereto, Defendant LINCOLN, was a corporation licensed to do business in the State of North Carolina and was charged with making the final benefits determination at issue under the LTD Plan.

9. Upon information and belief, the LTD Plan was funded through a contract of insurance issued by LIBERTY and assumed by LINCOLN after acquisition, who pay claims from their own general assets.

10. Upon information and belief, Defendant LINCOLN operated under a structural financial conflict of interest in that they assumed dual roles as the claim's administrator and payor of benefits.

11. The LTD Plan contains the following definition of disability:

*"[I]f the Covered Person is eligible for the 24 Month Own Occupation benefit, 'Disability' or 'Disabled' means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

*thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

*'Material and Substantial Duties' means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified."*

2

12.     Plaintiff stopped working for Quicken Loans, Inc./Rock Central, in May 2020 and began receiving benefits from LINCOLN on August 10, 2020 under the LTD Plan on the basis of physical and mental impairments.

13.     By letter dated January 24, 2022, LINCOLN determined Plaintiff no longer met the definition of disability under the LTD Plan and terminated benefits as of January 21, 2022.

14.     On August 23, 2022, Plaintiff appealed and requested reconsideration of the January 24, 2022 determination.

15.     LINCOLN affirmed the decision terminating Plaintiff's Long Term disability benefits by letter dated October 26, 2022.  This denial formally exhausted Plaintiff's administrative remedies, and LINCOLN informed Plaintiff that she had a right to bring a legal action under ERISA on or before October 26, 2025.

## **CAUSE OF ACTION**

**(Violation of Section 29 U.S.C. §§ 1132 and 1133 Against Defendant, LINCOLN)**

16.     The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15, inclusive.

17.     The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

18.     Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of January 21, 2022, and through the present.

19.     Defendant LINCOLN, since January 21, 2022 have failed and refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

3

20. The decision denying the Plaintiff the rights and benefits due under the LTD Plan was wrong, arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith, and in violation of 29 U.S.C. §1132(a) et seq. The decision is not supported by substantial evidence and arises from an erroneous application of the LTD Plan and federal law.

21. LINCOLN failed to provide a full and fair review of the decision denying Plaintiff's claim for benefits as required under 29 U.S.C. §1133(2).

22. As a direct and proximate result of LINCOLN's actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the LTD Plan.

23. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation for services. Pursuant to 29 U.S.C. § 1132(g) Plaintiff is entitled to a reasonable attorney's fee and costs of action.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, NORA WALKER, asks this Court to enter judgment against Defendant LINCOLN, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of January 21, 2022, and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from January 21, 2022 through the present;

(c) Ordering Defendants to pay Plaintiff all benefits due under the LTD Plan;

(d) Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

(e) Awarding the Plaintiff prejudgment interest to the date of judgment;

4

(f)   An award reasonable attorney's fees and costs incurred in this action is proper; and

(g)   Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court.

Respectfully submitted,

s/ Lindsay F. Osterhout
LINDSAY F. OSTERHOUT
NC Bar No. 57592
Osterhout Berger Disability Law
521 Cedar Way, Suite 200
Oakmont, PA 15139
Telephone: 412-794-8003
Fax: 412-794- 8050
losterhout@obl.law
*March 22, 2023*